UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TERRANCE E. BLALOCK,<br><br>        Defendant. | Case No. 01-cr-40017-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Terrance Blalock's motion for specific performance (Doc. 332).

## BACKGROUND

Blalock pleaded guilty, without the benefit of a plea agreement, to conspiring to possess and distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and three counts of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(2)(C). This Court sentenced Blalock to 480 months' imprisonment. On appeal, Blalock claimed his guilty plea was invalid because the Court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. He also claimed the Court committed clear error in calculating his relevant conduct and when it enhanced his sentence for obstruction of justice and the use of minors. *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The Court of Appeals rejected all Blalock's claims and affirmed his conviction and sentence. *Id*. at 690.

Blalock subsequently filed a motion under 28 U.S.C. § 2255 to vacate, correct or set aside his sentence, which this Court denied. *Blalock v. United States*, Case No. 04-cv-4079

(S.D. Ill. Mar. 30, 2005). The Seventh Circuit Court of Appeals denied his request for a certificate of appealability. *Blalock v. United States*, No. 05-2231, (7th Cir. March 2, 2006). That Court subsequently denied his petition for rehearing on April 26; the Supreme Court denied his petition for writ of certiorari on July 26, 2006.

In this motion, Blalock asks the Court to order specific performance of an alleged agreement he entered into with the government. The breach of which he complains relates to a statement of facts the government provided to him prior to his change of plea hearing. According to Blalock, he pleaded guilty on the condition that the facts in that statement would be the sole information used to calculate his sentence. Thus, he expected to receive a sentence between 121 and 151 months. When the government introduced information not contained in that statement at his sentencing, he believes it breached its agreement and thereby deprived him of his due process rights.

## **ANALYSIS**

At bottom, Blalock claims he is currently in custody in violation of the Constitution. That he has captioned his motion as one for specific performance is immaterial; in substance, his motion is a collateral attack on his sentence and conviction. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005) ("Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment . . . the name makes no difference. It is substance that controls."). As Blalock has already collaterally attacked his sentence, to file a successive petition, he must obtain authorization from the Court of Appeals. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Regardless of the merits of his claims, this Court does not have the power to grant the relief he requests. *Id*.

## **CONCLUSION**

Blalock's motion (Doc. 332) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 10, 2007**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**